258 F.3d 1117 (9th Cir. 2001)
 REGINA SANFORD; KEAIRA SMITH, THE MINOR DAUGHTER OF REGINA SANFORD, BY AND THROUGH HER GUARDIAN AD LITEM, REGINA SANFORD, PLAINTIFFS-APPELLANTS,
v.
D. MOTTS, COMPTON POLICE DEPARTMENT OFFICER, IN HIS PERSONAL AND OFFICIAL CAPACITY; CITY OF COMPTON, A GOVERNMENTAL ENTITY, DEFENDANTS-APPELLEES.
 No. 00-56926
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 11, 2001--Pasadena, California
Filed July 31, 2001
 
 Counsel Adam Axelrad, Los Angeles, California, for the plaintiffs-appellants.
 Wilmont A. Odom, Cal P. Saunders, Office of City Attorney, Compton, California, for the defendants-appellees.
 D.C. No. CV-00-01363-ABC Appeal from the United States District Court for the Central District of California Audrey B. Collins, District Judge, Presiding
 Before: John T. Noonan, Barry G. Silverman, and Richard A. Paez, Circuit Judges.
 
 Noonan, Circuit Judge
 
 1
 Regina Sanford and Keaira Smith appeal the judgment of the district court granting summary judgment in their section 1983 action against defendants Officer David Motts and the City of Compton. Holding that the plaintiffs' case is not barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that the plaintiffs should also have been allowed to amend their complaint to assert a due process claim, we reverse the judgment and remand to the district court.
 
 FACTS
 
 2
 Reviewing de novo the motion for summary judgment, we accept the nonmoving party's statement of facts and the inferences to be drawn from them, as follows:
 
 
 3
 At about 8:30 on the morning of July 8, 1999, Regina Sanford (Sanford), age 23, drove to the home where her boyfriend, Anthony Love (Love), age 18, lived with his mother and his 12-year-old brother, Drequinn. Sanford had with her her children, Keaira, age 3, and Anthony, age 6 months. Officers from Los Angeles County Animal Control were in Love's yard trying to capture a dog that belonged to Drequinn. The dog had bitten one of the officers, who now sought to catch him to test for rabies. The officers called on Compton Police for assistance. Compton Police Officers Gilbert Cross and David Motts answered the call.
 
 
 4
 Motts arrested the 12-year-old for assaulting the animal control officers. Love went to the assistance of his brother whom Motts held in a choke-hold. Motts punched Love in the face. Sanford came to Love's support, at least vocally. Her daughter Keaira watched. Drequinn, Love, and Sanford were all handcuffed. Motts stood on Love's back and kicked him. Sanford asked him why, Motts replied rudely, Sanford retorted in kind. Motts struck Sanford in the face, knocking her to the ground. Keaira hollered, "Mama!" Sanford was taken to the hospital, then booked by the Compton Police Department and kept in jail overnight.
 
 
 5
 Sanford was charged with battery on an Animal Control Officer in violation of California Penal Code §§ 243(b) and with resisting, obstructing and delaying Motts in violation of California Penal Code §§ 148(a)(1). As part of a plea bargain, the battery charge was dismissed, and Sanford pleaded nolo contendere to the section 148(a)(1) charge. The court found that there was a factual basis for her plea and accepted it, sentencing her to 3 years probation.
 
 
 6
 Sanford suffered physical injury from Motts' punch and continued to feel its consequences for over a year after it happened. She also suffered emotional harm, as did her 3-year-old who witnessed her arrest and beating.
 
 PROCEEDINGS
 
 7
 On February 14, 2000, Sanford in her name and as guardian of Keaira brought suit against Motts and the City of Compton. She alleged that she had been seized in violation of 42 U.S.C. §§ 1983; that her First Amendment right to speak had been violated; that she had been denied due process and equal protection; and that she had been the subject of several state torts, including assault and battery. She asserted that she was a black woman of low economic status and that Motts was a white man she believed to be motivated in part by her race and status.
 
 
 8
 On October 16, 2000, the district court granted the defendants' motion for summary judgment, holding that Heck v. Humphrey, 512 U.S. 477 (1994), barred all of the plaintiffs' section 1983 claims. The court declined to exercise jurisdiction over the state claims. The court noted that in her opposition to the motion for summary judgment Sanford had asserted that her incarceration overnight on a misdemeanor was a violation of her due process rights. The court declined to consider this contention as it had not been included in the complaint. The court entered the judgment that "the plaintiffs take nothing, that the action be dismissed without prejudice on the merits and that defendants City of Compton and David Motts recover their costs."
 
 
 9
 The plaintiffs appeal.
 
 ANALYSIS
 
 10
 Jurisdiction. Sua sponte this court raised the question whether the dismissal without prejudice deprived the court of jurisdiction. The court's question is answered as follows: This court has construed WMX Technologies, Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997), to mean that an order is not final when a complaint is dismissed with leave to amend. Where the district court dismisses an action without prejudice, however, the order is final and appealable. See De Tie v. Orange County, 152 F.3d 1109, 1111 (9th Cir. 1998). Here, the district court ordered "that the action be dismissed without prejudice on the merits." Since the district court dismissed the entire action, the order was final and this court has jurisdiction.
 
 
 11
 The Effect of Sanford's Conviction. Heck, 512 U.S. at 486-87, holds that a plaintiff cannot maintain a section 1983 claim if success on that claim would necessarily imply the invalidity of a prior criminal conviction. The defendants say that Sanford's allegations "necessarily imply the invalidity" of her conviction of resisting arrest by Motts and so her section 1983 claims are barred by Heck. The defendants rely in particular on footnote 6 of Heck, id. at 486, where an example is given of a person suing for an unreasonable seizure after being convicted of resisting arrest. The defendants maintain that, according to Sanford's testimony, her only contact with Motts was his punch, and that the punch was the arrest. When she was convicted of resisting this arrest, the lawfulness of Motts' action was conceded.
 
 
 12
 The defendants' effort to turn Sanford's testimony against her is misplaced. Nothing in her testimony identifies the act of which she was convicted as being a resistance to Motts' punch. Nothing in the record identifies the punch as an arrest. Nothing in the record informs us what the factual basis was for Sanford's plea of nolo.
 
 
 13
 As plaintiffs observe, there were a variety of accusations against Sanford in the reports of the officers at the scene, among them that she hit Motts when he was arresting Drequinn and that she hit Motts when he was fighting with Love. Either one of these incidents may have been the basis for her conviction. It was the burden of the defendants to establish their defense by showing what the basis was; they failed to do so. They focus on Sanford's testimony that she was three to four feet from Motts when he came over and struck her. That testimony says nothing as to where he was when the other incidents occurred for which she may have been found guilty.
 
 
 14
 The defendants' own version of events undercuts their argument. According to the defendants, Sanford interfered with Motts' arrest of Love after she had already been arrested for assault on an animal control officer. The defendants state: "Officer Motts believed that it was necessary to secure the legs of Anthony Love because he had been kicked by Love, after Love had been handcuffed . . . . According to Officer Motts, as he tried to secure Love's legs, Plaintiff Regina Sanford attempted to kick him in the face." Defendants say that in response to this interference by Sanford with Motts in the performance of his duty, Motts again arrested Sanford. The arrest was effected by the punch to her face. It is of course Sanford's contention that the punch was excessive force. Accepting the defendants' position that Sanford was arrested and then convicted of interfering with Motts' securing of Love, the validity of her conviction is unaffected by her showing that Motts used excessive force.
 
 
 15
 Excessive force used after an arrest is made does not destroy the lawfulness of the arrest. Sanford's conviction required that Motts be acting lawfully in the performance of his duties "at the time the offense against him was committed." In re Joseph F., 102 Cal. Rptr. 2d 641, 646 (Cal. Ct. App. 2000). Hence, if Motts used excessive force subsequent to the time Sanford interfered with his duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar. If Motts had shot and wounded her instead of punching her while she stood handcuffed, there would be no doubt that she could sue him for violation of her civil rights. If she can prove the punch was delivered after she was arrested, she has an equally strong case.
 
 
 16
 Dismissal Without Leave To Amend. The district court dismissed the claim for overnight incarceration because the facts were not alleged in the complaint. Fed. R. Civ. P. 15(a) gives a plaintiff one opportunity to amend as of right. The district court did not afford this opportunity.
 
 
 17
 The defendants on appeal contend that amendment would have been futile, that the plaintiffs could not have alleged that Motts acted intentionally, recklessly or with deliberate indifference. That remains to be seen; already the plaintiffs have attributed a racist motive to Motts.
 
 
 18
 The defendants also give a reason why Sanford might have been held overnight: that she was so beaten that she required the medical care of the jail. This reason will have to be explored at trial.
 
 
 19
 The State Claims. The state claims were dismissed when the federal claims were dismissed. The plaintiffs may now reinstate them by amendment.
 
 
 20
 For the foregoing reasons, the judgment of the district court is REVERSED, and the case is REMANDED.