Keith Eric THOMPSON, Plaintiff–Appellant,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants–Appellees.

No. 01–1519.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before CLAY and GILMAN, Circuit Judges; EDGAR, District Judge.*

## ORDER

Keith Eric Thompson, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and equitable relief, Thompson filed a complaint and amended complaint against several Baraga Maximum Correctional Facility employees (including Resident Unit Manager Tollefson). Thompson claimed that: 1) Tollefson subjected him to cruel and unusual punishment; and 2) Tollefson retaliated against Thompson for filing a grievance. Upon review, the district court adopted a modified recommendation from a magistrate judge and dismissed Thompson's claims against all of the defendants except for his claims against Tollefson. Thompson filed a timely appeal, and this court dismissed the appeal for lack of jurisdiction. *Thompson v. Michigan Dep't of Corrections,* No. 98–2071 (6th Cir. Apr. 28, 1999).

Thereafter, a magistrate judge filed a report recommending that the district court grant Tollefson's motion for summary judgment. Over Thompson's objections, the district court adopted the recommendation and granted summary judgment to Tollefson. Thompson filed a timely appeal. Upon review, a panel of this court affirmed the district court's judgment in part, vacated the grant of summary judgment in favor of Tollefson, and remanded the case to the district court to dismiss the claims against Tollefson without prejudice because Thompson had not exhausted his administrative remedies. *Thompson v. Michigan Dep't of Corrections,* No. 99–2076, 2000 WL 1597844 (6th Cir. Oct.20, 2000). Thereafter, the district court entered its judgment dismissing those claims for lack of exhaustion.

Thompson has filed a timely appeal, arguing that he did establish that he had exhausted his administrative remedies with respect to his claims against Tollefson. The defendants argue that the district court's judgment is non-appealable because the dismissal was without prejudice.

Initially, we note that the district court's judgment constitutes an appealable order. Although the dismissal of a complaint without prejudice to an amendment of the complaint is not a final and appealable order, *Azar v. Conley,* 480 F.2d 220, 223 (6th Cir.1973), where the district court dis-

---

* The Honorable R. Allan Edgar, United States Chief District Judge for the Eastern District of Tennessee, sitting by designation.

misses an *action* without prejudice, the order is final and appealable. *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir.2001); *see also Mobley v. McCormick*, 40 F.3d 337, 339–40 (10th Cir.1994) (holding that dismissal without prejudice was final, appealable order because it is clear that the district court intended to dismiss the entire action, rather than simply the complaint.). A review of the judgment reflects that the district court clearly intended to dismiss the entire action because Thompson had not established that he had exhausted his administrative remedies prior to filing his complaint.

The district court properly dismissed Thompson's claims against Tollefson because he did not establish that he had exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1103–04 (6th Cir.1998). Although money damages may not be available through the prison grievance process, Thompson must still exhaust these remedies because the prison has an administrative system that will review his claims. *See Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1822–25, 149 L.Ed.2d 958 (2001). To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his § 1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040, 121 S.Ct. 634, 148 L.Ed.2d 542 (2000).

In this case, although Thompson submitted documents on appeal indicating that he had filed a grievance challenging Tollefson's alleged improper conduct, he did not establish that he had completely exhausted his remedies before filing his § 1983 suit against Tollefson. The record reflects that Thompson filed his original complaint on November 4, 1997, and that he filed his amended complaint on March 9, 1998.

However, the documents that he has submitted to this court clearly reflect that he was still pursuing his administrative remedies in April of 1998. Because Thompson did not exhaust his administrative remedies prior to filing his lawsuit, the district court properly dismissed the claims against Tollefson. *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.