Ursula STRAUB, Plaintiff—Appellant,

v.

John DOES, et al., Defendants— Appellees.

No. 02–35283.
D.C. No. CV–01–00908–RSL.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted April 8, 2003.*

Decided April 10, 2003.

Before D.W. NELSON, THOMAS, Circuit Judges, and ILLSTON, District Judge.**

## MEMORANDUM***

Ursula Straub appeals the district court's summary dismissal of her civil

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan Illston, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

rights action against various state and county officials ("Defendants"). When a district court dismisses an action without prejudice, the order is final and appealable. *See Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir.2001). Therefore, we have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's dismissal de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). We affirm in part, reverse in part, and remand.

■ The district court erred in dismissing Straub's First Amendment claim. "Courts have recognized detainees' and prisoners' first amendment right to telephone access." *Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir.1986); *see Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996). In *Carlo v. City of Chino*, we affirmed "the existence of a First Amendment right to telephone access subject to reasonable security limitations." 105 F.3d 493, 496 (9th Cir.1997); *see also Halvorsen v. Baird*, 146 F.3d 680, 689 (9th Cir.1998).

■ Here, Straub's allegations are sufficient to set forth a viable claim against Defendants for violating her First Amendment right to make a telephone call while in police custody. Moreover, the district court erred in raising the defense of qualified immunity *sua sponte* on behalf of the defendants. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity is an affirmative defense that must be raised and affirmatively established by the Defendants, not the district court. *Id.*

■ The district court also erred in summarily dismissing Straub's state tort claims. "The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir.1987) (citing *Boag v. MacDougall*, 454

U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982)). This rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir.1992) (citing *Eldridge*, 832 F.2d at 1137). While Straub's allegations are set forth in a conclusory manner, Federal Rule of Civil Procedure 8 does not require a high degree of specificity. In fact, the Federal Rules only require that Straub set forth a "short and plain statement of the claim" in her pleadings. Fed.R.Civ.P. 8(a). Here, Straub's claims are supported with sufficient facts to warrant the reversal of the district court's summary dismissal.

■ Lastly, Straub's argument that the district court erred in dismissing her § 1983 claims for false arrest and malicious prosecution is without merit. Straub was convicted of the underlying traffic offenses, and a valid bench warrant was issued for her arrest. Neither the citations nor the bench warrant was ever invalidated or successfully challenged. As a result, the constitutionality of Defendants' actions with respect to her arrest, prosecution, and conviction cannot be challenged in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (holding that in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged, declared invalid by an appropriate state tribunal, or been called into question by the issuance of a federal writ of habeas corpus). Defendants were merely executing their duties as police officers. Straub's claim against Officer K. McDonough also fails because her conviction for driving without a license remains valid. It has never been ex-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

punged or invalidated. Straub forfeited her opportunity to challenge this citation when she failed to appear for her hearing in 1997.

Accordingly, the district court's dismissal of Straub's First Amendment claim and state tort claims is REVERSED. The district court's judgment in all other respects is AFFIRMED. This action is REMANDED for further proceedings consistent with this Memorandum. On remand, the district court also should reconsider whether Straub's in forma pauperis application should be granted.

Each party to bear its own costs.

AFFIRMED in part; REVERSED in part; and REMANDED.