Lawrence JONES, Plaintiff—Appellant,

v.

Constance CUMMINGS; et al.,
Defendants—Appellees.

No. 04–17175.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Lawrence Jones, Vacaville, CA, pro se.

---

Sheri Marie Buzard, Esq., Sacramento City Attorney's Office, Sacramento, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM **

Lawrence Jones appeals pro se the district court's order dismissing without prejudice his 42 U.S.C. § 1983 action alleging defendants used excessive force in arresting him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 978 (9th Cir.1999), and we vacate and remand.

Jones's complaint, although vague and lacking detail, alleges that defendants used at least some force against Jones after he was constrained by handcuffs. The district court therefore appears to have erred in dismissing Jones's action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir.2001) ("Excessive force used after the arrest is made does not destroy the lawfulness of the arrest"). Moreover, it is unclear which events surrounding Jones's arrest formed the basis for his criminal plea under Cal.Penal Code § 243(b) for battery against an officer performing her duties.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*See Smith v. City of Hemet,* 394 F.3d 689, 698–99 (9th Cir.2005) (en banc); *Sanford,* 258 F.3d at 1119 (burden is on defendants to establish *Heck* applies by showing which events formed a basis for a conviction for resisting arrest).

We vacate and remand for the district court to consider Jones's allegations in light of our recent decision in *Smith v. City of Hemet,* 394 F.3d at 699 (holding that success on the merits of appellant's excessive force claim did not necessarily imply the invalidity of his criminal conviction, and therefore was not barred by *Heck* ). On remand, the district court may instruct Jones to amend his complaint to provide more details regarding the events giving rise to his excessive force claim. *See Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations and quotations omitted).

The parties shall bear their own costs on appeal.

VACATED and REMANDED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.