**Jennifer Louise MARLOW,**
**Plaintiff–Appellant,**

v.

**CITY OF ORANGE; Ryan Johnson, # 1190; Mark Lensing, Officer # 128; Mark Hensler, individually and as a peace officer Robert H. Gustafson, individually and as Chief of Police, Defendants–Appellees.**

No. 06–56723.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 15, 2008.

Filed June 12, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Thomas E. Beck, Esq., The Beck Law Firm, Los Alamitos, CA, for Plaintiff–Appellant.

Wayne W. Winthers, DCA, City of Orange, Orange, CA, for Defendants–Appellees.

Before: SILVERMAN, BERZON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Marlow appeals from the district court's grant of summary judgment to the defendants. The district court held that Marlow's entire complaint was barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[1] We affirm in part, reverse in part, and remand.

1. Marlow's § 1983 claim states three grounds: unlawful entry, malicious prosecution, and excessive force.

We affirm the district court's holding that Marlow's unlawful entry claim is barred by *Heck*. One element of the crimes of which she was convicted is that the officer was engaged in the lawful performance or discharge of his duties at the time of the offense. Cal.Penal Code §§ 148(a)(1), 241(c). If the officers had *no* reason to believe they had a duty to investigate what was going on inside Marlow's apartment in the first place—and thus unlawfully demanded entry into and entered her apartment—then any subsequent obstruction or assault by Marlow would not have involved an officer performing his lawful duties and so would not have constituted the specified crimes. Because Marlow's convictions depended on the jury finding that the officers had a right to

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts and we state them herein only as necessary.

enter Marlow's apartment to investigate, a successful unlawful entry claim would "necessarily imply the invalidity of [Marlow's] conviction[s]" and is thus barred by *Heck*, 512 U.S. at 487, 114 S.Ct. 2364.

We also affirm the district court's holding that Marlow's malicious prosecution claim is barred by *Heck*. In California, a conviction is conclusive evidence of probable cause. 5 Witkin, Summary of Cal. Law, Torts § 427, at 510; *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004) ("We look to California law to determine the legal effect of the state court's action because we have incorporated the relevant elements of the common law tort of malicious prosecution into our analysis under § 1983."). Although Marlow raises the malicious prosecution claim only with respect to the battery charge, the assault and battery charges stemmed from one piece of evidence: Officer Johnson's testimony that Marlow pushed him.[2] A finding that this testimony did not constitute probable cause with respect to the battery charge is thus necessarily inconsistent with Marlow's conviction for assault. Marlow's malicious prosecution claim is therefore *Heck*-barred.

We reverse, however, the district court's finding that Marlow's excessive force claim is entirely barred by *Heck*. Marlow alleges two incidents that could constitute excessive force: that the officers kicked open the door to her apartment, hitting her with it, and that Officer Johnson forced her to the ground, hitting her head against a table in the process. Under *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir.2005) (en banc), success on either of these claims would not necessarily invalidate her criminal convictions. Her crimes—obstruction and assault—could have been based on acts that were complete before any alleged excessive force took place. *Id.* at 693 ("Smith's § 1983 action is not barred by *Heck* because the excessive force may have been employed against him *subsequent to* the time he engaged in the conduct that constituted the basis for his conviction.") (emphasis added); *see also Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir.2001) ("[I]f [the officer] used excessive force *subsequent to* the time [plaintiff] interfered with his duty, success in her § 1983 claim will not invalidate her [§ 148(a)(1) ] conviction.") (emphasis added). Marlow's obstruction conviction could have been based on her refusal to permit the officers entry into her apartment. Because, as noted above, her convictions required a finding that the officers lawfully had the right to demand entry at that moment, her crime of obstruction was complete when she refused. That the officers may have *subsequently* used excessive force when entering her apartment has no bearing on her conviction for obstruction.[3] Similarly, a finding that kicking in the door was excessive force would not impugn Marlow's conviction for assaulting Officer Johnson, as long as she did not claim she assaulted the officer in self-defense.[4] Finally, Marlow's assault on Officer Johnson was complete, at the latest, just before she pushed him. A finding that he used excessive force *subsequent to* this assault is not necessarily inconsistent with the assault conviction.

---

2. Marlow has not suggested any other basis for the assault conviction.

3. Because her convictions established that the officers lawfully had the right to demand entry at that moment, it follows that the officers had a right to forcibly enter when she refused.

The problem is the officers' right to enter does not necessarily mean that the quantum of force used to gain entry was lawful; the jury verdict simply does not speak to that.

4. On the record before us, there is no indication that Marlow so claimed.

578

*Heck* thus does not bar Marlow from pursuing her excessive force claim.

2. Marlow's complaint also alleges a conspiracy in violation of § 1983 and violations of 42 U.S.C. § 1985(2) and (3). "*Heck* applies equally to claims brought under §§ 1983, 1985 and 1986," *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n. 4 (9th Cir.2004), so these claims are barred to the same extent as those discussed above: Marlow is barred by *Heck* from asserting claims requiring a finding that the officers unlawfully entered her apartment or maliciously prosecuted her, but she may claim that they used excessive force.

3. Marlow alleges numerous state law causes of action. Although varying in their particulars, all rely on some variant of her unlawful entry, excessive force, and malicious prosecution theories.

In *Susag v. City of Lake Forest*, 94 Cal.App.4th 1401, 115 Cal.Rptr.2d 269 (2002), the California Court of Appeal incorporated the principles of *Heck* into California state law. *Susag* thus bars Marlow's state law claims to the same extent as her federal claims, discussed above.

■ 4. Finally, Marlow challenges the district court's consideration of the transcript excerpts submitted by defendants in support of their summary judgment motion. Transcripts from prior proceedings cannot be authenticated merely by an affidavit stating they are "true and correct copies," as defendants did here. *Orr v. Bank of Am.*, 285 F.3d 764, 776 (9th Cir. 2002). But where a proper certification is shown to the district court, even though such certification is not put in the record, and the opposing party does not contest the accuracy of the document, it is not error for the district court to consider the document. *See Henein v. Saudi Arabian Parsons Ltd.*, 818 F.2d 1508, 1512 & n. 4

(9th Cir.1987). There was thus no error here.

Each party shall bear its own costs.

AFFIRMED in part, REVERSED in part, and REMANDED.