Hilmer W. **JARBOE**, Jr., Plaintiff—Appellant,

v.

**COUNTY OF ORANGE; Michael Carona; Michael Missel, Erroneously Sued As Daniel Missel, Defendants—Appellees.**

No. 06–55606.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.*

Filed Sept. 18, 2008.

Richard P. Herman, Law Offices of Richard P. Herman, Newport Beach, CA, Christopher J. Skorina, Mosher & Skorina, Mission Viejo, CA, for Plaintiff–Appellant.

Jennifer A. Hall, Christina M. Sprenger, David D. Lawrence, Lawrence Beach Allen & Choi, PC, Santa Ana, CA, for Defendants–Appellees.

Before: PREGERSON, NOONAN, and TROTT, Circuit Judges.

MEMORANDUM **

After an officer-involved shooting in which Plaintiff Hilmer Jarboe was seriously injured, Jarboe pleaded nolo contendere to violating Cal.Penal Code § 148(a)(1), resisting, obstructing, or delaying a peace

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

officer. Subsequently, he filed suit against Defendants Orange County, Sheriff Michael Carona, and Deputy Daniel Missel, alleging civil rights violations under 42 U.S.C. § 1983 and related state law tort claims. Jarboe appeals the district court's dispositive grant of summary judgment to defendants pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

We review de novo the district court's grant of summary judgment. *Scheuring v. Traylor Bros., Inc.,* 476 F.3d 781, 784 (9th Cir.2007). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law." *Jackson v. City of Bremerton,* 268 F.3d 646, 650 (9th Cir.2001).

### FACTS

Deputy Missel went to Jarboe's house to investigate a hit-and-run at a nearby 7–Eleven. Shortly after he arrived, Jarboe pulled into his driveway with his pickup truck. The deputy asked Jarboe about the hit-and-run; he denied any involvement. The deputy began to inspect the truck for damage and saw what he thought was a handgun in the truck. He ordered Jarboe to "come here," and asked whether he had any weapons on his person or in the truck. Jarboe answered no. After Jarboe failed to comply with his "come here" command, Jarboe said the deputy began to fire his gun. The deputy said that Jarboe moved toward the front passenger side of the truck after he commanded Jarboe to "come here." He feared Jarboe was going for the handgun. A physical struggle between the two ensued. The deputy radioed for backup and peppered sprayed Jar-

boe. The wind blew some of the pepper spray back into the officer's eyes. His vision was blurred and he thought he saw Jarboe reach inside the truck. He dropped the pepper spray, drew his weapon, and fired six shots. Because he was afraid Jarboe was still trying to get to the gun, he fired another ten shots. Jarboe pled nolo contendere to resisting and obstructing a police officer under CAL.PENAL CODE § 148.

### ANALYSIS

Jarboe's acts of resistance all occurred in a brief span of two minutes and ten seconds. Nevertheless, his acts prior to the shooting included (1) denying that he was involved in the hit-and-run accident under investigation, and (2) his refusal to comply with Deputy Missel's command. In an action such as this where the defendant relies on *Heck,* he has the burden of proving that the plaintiff's success will necessarily imply the invalidity of the plaintiff's underlying conviction. *Sanford v. Motts,* 258 F.3d 1117, 1119 (9th Cir.2001). Here, we are unable to discern from the record the factual basis for Jarboe's plea. Accordingly, his excessive force claim for activity that followed his acts of resistance does not necessarily imply the invalidity of his conviction and is therefore not barred by *Heck. See Smith v. City of Hemet,* 394 F.3d 689, 698 (9th Cir.2005) (en banc). On the facts, we conclude that this case is distinguishable from *Cunningham v. Gates,* 312 F.3d 1148 (9th Cir.2002).

### REVERSED and REMANDED.