FILED

APR 02 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEISCHA WILSON; MICHAEL WILSON, Sr., as individuals,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>CITY OF LONG BEACH; HARRY HAMPTON; JUSTIN S. KRUEGER; BRIAN NYSTEDT,<br><br>Defendants - Appellees. | No. 12-55700<br><br>D.C. No. 2:09-cv-03544-PJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Patrick J. Walsh, Magistrate Judge, Presiding

Argued and Submitted December 2, 2013
Pasadena, California

Before: SCHROEDER, CLIFTON, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Plaintiffs Michael Wilson, Sr. and Keischa Wilson appeal the district court's judgment in favor of Defendants. We affirm.

The Wilsons challenge the district court's grant of partial summary judgment in favor of the Defendants based on its conclusion that the Wilsons' convictions barred their claims for excessive force and for battery based upon Defendants' actions up to the time of their arrests, under *Heck v. Humphrey*, 512 U.S. 477 (1994). We agree with the conclusion of the district court. The jury in the state court criminal case was instructed that it could convict the Wilsons of resisting arrest only if it found the police were acting lawfully, and lawful was defined to include the absence of excessive force. The jury convicted and that judgment still stands. This case is materially the same as *Beets v. County of Los Angeles*, 669 F.3d 1038 (2012), where the criminal jury convicted after being instructed it could not do so unless the officer acted lawfully and did not use excessive force. We held the civil case was barred by *Heck*. We must reach the same conclusion here.

The Wilsons also challenge the district court's instruction to the jury that it was not to consider evidence of excessive force "prior to the time that the officers began the process the handcuffing the Wilsons." That instruction was consistent

with the conclusion that the Wilsons' claim based on alleged misconduct prior to that time was barred under *Heck*.

**AFFIRMED.**

*Wilson v. City of Long Beach*, No. 12-55700

WATFORD, Circuit Judge, dissenting:

The majority's disposition of this case rests on the unstated assumption that the jury in the Wilsons' criminal trial necessarily determined the lawfulness of the officers' actions throughout the whole course of their encounter with the Wilsons. The majority's assumption could be true only if the jury had actually been instructed that, to convict, it had to find that the officers acted lawfully throughout the whole course of their encounter with the Wilsons. But the jury in the Wilsons' criminal trial never received such an instruction.

The jury never received that instruction because it's not an accurate statement of California law. To be guilty of violating California Penal Code § 69, the defendant must obstruct an officer who is lawfully performing his duties. If the defendant obstructs an officer who is lawfully performing his duties, the fact that the officer subsequently uses excessive force later in the encounter doesn't negate the defendant's guilt of the earlier-committed offense. *Yount v. City of Sacramento*, 183 P.3d 471, 482 (Cal. 2008); *see also Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011). Thus, when the defendant is convicted of violating Penal Code § 69 during an encounter involving multiple acts of obstruction, some of which occurred while the officer was lawfully performing his duties but some of which occurred while the officer was using excessive force,

a court asked to decide whether the bar imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994), applies must determine which act (or acts) formed the basis for the conviction.

When making that determination in the context of convictions obtained by guilty plea, courts examine the record from the underlying criminal case to see whether it's clear which act or acts formed the factual basis for the plea. If the record is clear on that score, the bar imposed by *Heck* can apply. *See, e.g.*, *Sappington v. Bartee*, 195 F.3d 234, 236–37 (5th Cir. 1999) (per curiam). But when the record isn't clear, such that it's possible the defendant pleaded guilty to acts of obstruction that occurred *before* the officer used excessive force, courts have held that the *Heck* bar doesn't apply. *See, e.g.*, *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008); *Bush v. Strain*, 513 F.3d 492, 498–500 (5th Cir. 2008); *Dyer v. Lee*, 488 F.3d 876, 882 (11th Cir. 2007); *VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006); *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001). In that circumstance, success on an excessive force claim under 42 U.S.C. § 1983 won't *necessarily* imply the invalidity of the defendant's conviction, as *Heck* requires. 512 U.S. at 487 n.7. Any other rule would mean that "once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *VanGilder*,

435 F.3d at 692.

For reasons that remain a mystery to me, we suggested in *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005) (en banc), that the analysis is different when the defendant's conviction results from a jury verdict rather than a guilty plea. There, we made the sweeping assertion that, regardless of the jury instructions given in the criminal trial, "a jury's verdict necessarily determines the lawfulness of the officers' actions throughout the whole course of the defendant's conduct, and any action alleging the use of excessive force would '*necessarily* imply the invalidity of his conviction.'" *Id.* at 700 n.5 (quoting *Susag v. City of Lake Forest*, 115 Cal. Rptr. 2d 269, 274 (Ct. App. 2002)). According to the *Smith* footnote, unlike in the guilty-plea context, we don't examine the record to determine whether the defendant might have been convicted for acts that occurred before the officer used excessive force. Instead, if the jury found the defendant guilty, we just assume that it found the officers acted lawfully throughout their entire encounter with the defendant. The only authority *Smith* cited for that proposition was *Susag*, but that case holds no such thing. We later quoted this same language from *Smith* in *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012), without examining the soundness of its premise. *See id.* at 1045.

I can't think of any reason why the analysis under *Heck* should proceed

differently for convictions resulting from a jury verdict as opposed to a guilty plea, and neither *Smith* nor *Beets* offered any justification for that distinction.  I don't think we're bound by the language from the *Smith* footnote or the quotation of that language in *Beets*, since in both cases the language was dicta.  In *Smith*, it was offered as one of three independently sufficient reasons for distinguishing a case relied on by the dissent.  In *Beets*, the language quoted from *Smith*'s footnote was not only surplusage but also of no relevance, because in that case there weren't multiple acts of obstruction that could have served as the basis for the criminal conviction, as is true in this case.  That's why the majority is simply wrong in declaring that this case and *Beets* are "materially the same."  Maj. op. at 2.

If we followed our normal mode of analysis under *Heck*, it's clear we would have to reverse.  Examining the jury instructions given in the criminal trial, it's impossible to tell which acts of obstruction the Wilsons' criminal convictions were based on, so we can't say that success on their excessive force claims will *necessarily* imply that those convictions are invalid.  The jury at the criminal trial wasn't instructed to find the Wilsons not guilty if the officers used excessive force at any point during the encounter.  Instead, the instructions required the jury to find only that at some point during the encounter the Wilsons obstructed the officers while they were lawfully performing their duties.  Mr. and Mrs. Wilson both

engaged in acts of obstruction before the officers used any force against them, and for all we know their convictions were based on those acts alone.  A jury in the § 1983 action could find that the officers responded to that initial obstruction with excessive force, and doing so would not in any way call into question the validity of the Wilsons' convictions.  As a result, the bar imposed by *Heck* doesn't apply here.  The majority has erred in holding otherwise.