WATFORD, Circuit Judge,
dissenting:
The majority’s disposition of this case rests on the unstated assumption that the jury in the Wilsons’ criminal trial necessarily determined the lawfulness of the officers’ actions throughout the whole course of their encounter with the Wilsons. The majority’s assumption could be true only if the jury had actually been instructed that, to convict, it had to find that the officers acted lawfully throughout the whole course of their encounter with the Wilsons. But the jury in the Wilsons’ criminal trial never received such an instruction.
The jury never received that instruction because it’s not an accurate statement of California law. To be guilty of violating California Penal Code § 69, the defendant must obstruct an officer who is lawfully performing his duties. If the defendant obstructs an officer who is lawfully performing his duties, the fact that the officer subsequently uses excessive force later in the encounter doesn’t negate the defendant’s guilt of the earlier-committed offense. Yount v. City of Sacramento, 43 Cal.4th 885, 76 Cal.Rptr.3d 787, 183 P.3d 471, 482 (2008); see also Hooper v. Cnty. of San Diego, 629 F.3d 1127, 1132 (9th Cir.2011). Thus, when the defendant is convicted of violating Penal Code § 69 during an encounter involving multiple acts of obstruction, some of which occurred while the officer was lawfully performing his duties but some of which occurred while the officer was using excessive force, a court asked to decide whether the bar imposed by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), applies must determine which act (or acts) formed the basis for the conviction.
When making that determination in the context of convictions obtained by guilty plea, courts examine the record from the underlying criminal case to see whether it’s clear which act or acts formed the factual basis for the plea. If the record is clear on that score, the bar imposed by Heck can apply. See, e.g., Sappington v. Bartee, 195 F.3d 234, 236-37 (5th Cir.1999) (per curiam). But when the record isn’t clear, such that it’s possible the defendant pleaded guilty to acts of obstruction that occurred before the officer used excessive force, courts have held that the Heck bar doesn’t apply. See, e.g., Hadley v. Gutierrez, 526 F.3d 1324, 1331 (11th Cir.2008); Bush v. Strain, 513 F.3d 492, 498-500 (5th Cir.2008); Dyer v. Lee, 488 F.3d 876, 882 (11th Cir.2007); VanGilder v. Baker, 435 F.3d 689, 692 (7th Cir.2006); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir.2001). *487 In that circumstance, success on an excessive force claim under 42 U.S.C. § 1983 won’t necessarily imply the invalidity of the defendant’s conviction, as Heck requires. 512 U.S. at 487 n. 7, 114 S.Ct. 2364. Any other rule would mean that “once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.” VanGilder, 435 F.3d at 692.
For reasons that remain a mystery to me, we suggested in Smith v. City of Hemet, 394 F.3d 689 (9th Cir.2005) (en banc), that the analysis is different when the defendant’s conviction results from a jury verdict rather than a guilty plea. There, we made the sweeping assertion that, regardless of the jury instructions given in the criminal trial, “a jury’s verdict necessarily determines the lawfulness of the officers’ actions throughout the whole course of the defendant’s conduct, and any action alleging the use of excessive force would ‘necessarily imply the invalidity of his conviction.’” Id. at 700 n. 5 (quoting Susag v. City of Lake Forest, 94 Cal.App.4th 1401, 115 Cal.Rptr.2d 269, 274 (2002)). According to the Smith footnote, unlike in the guilty-plea context, we don’t examine the record to determine whether the defendant might have been convicted for acts that occurred before the officer used excessive force. Instead, if the jury found the defendant guilty, we just assume that it found the officers acted lawfully throughout their entire encounter with the defendant. The only authority Smith cited for that proposition was Susag, but that case holds no such thing. We later quoted this same language from Smith in Beets v. County of Los Angeles, 669 F.3d 1038 (9th Cir.2012), without examining the soundness of its premise. See id. at 1045.
I can’t think of any reason why the analysis under Heck should proceed differently for convictions resulting from a jury verdict as opposed to a guilty plea, and neither Smith nor Beets offered any justification for that distinction. I don’t think we’re bound by the language from the Smith footnote or the quotation of that language in Beets, since in both cases the language was dicta. In Smith, it was offered as one of three independently sufficient reasons for distinguishing a case relied on by the dissent. In Beets, the language quoted from Smith’s footnote was not only surplusage but also of no relevance, because in that case there weren’t multiple acts of obstruction that could have served as the basis for the criminal conviction, as is true in this case. That’s why the majority is simply wrong in declaring that this case and Beets are “materially the same.” Maj. op. at 486.
If we followed our normal mode of analysis under Heck, it’s clear we would have to reverse. Examining the jury instructions given in the criminal trial, it’s impossible to tell which acts of obstruction the Wilsons’ criminal convictions were based on, so we can’t say that success on their excessive force claims will necessarily imply that those convictions are invalid. The jury at the criminal trial wasn’t instructed to find the Wilsons not guilty if the officers used excessive force at any point during the encounter. Instead, the instructions required the jury to find only that at some point during the encounter the Wilsons obstructed the officers while they were lawfully performing their duties. Mr. and Mrs. Wilson both engaged in acts of obstruction before the officers used any force against them, and for all we know their convictions were based on those acts alone. A jury in the § 1983 action could find that the officers responded to that initial obstruction with excessive force, and doing so would not in any way call into question the validity of the Wilsons’ convictions. As a result, the bar imposed by Heck doesn’t *488 apply here. The majority has erred in holding otherwise.