**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALAN TROY NIMER,

          Plaintiff-Appellant,

  v.

JUSTIN BROEK; et al.,

          Defendants-Appellees.

No.   21-15252

D.C. No. 2:18-cv-04697-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted April 11, 2024
Pasadena, California

Before:  SILER,[**] BEA, and IKUTA, Circuit Judges.

Plaintiff-Appellant Alan Nimer appeals the district court's order that granted summary judgment on his 42 U.S.C. § 1983 claims in favor of Defendants-Appellees, five City of Phoenix, Arizona firefighters (collectively, "Defendants"). Because the parties are familiar with the facts, we discuss them only as relevant to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

our decision.

We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo and view the evidence in the light most favorable to the non-moving party. *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1129 (9th Cir. 2011). Summary judgment is permissible only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We affirm in part, reverse in part, and remand for further proceedings.

1. The district court erred when it held Nimer's excessive force and unconstitutional seizure claims[1] are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). A § 1983 claim is barred by *Heck* only if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction because such a judgment would "negate an element of the offense" or depend on "facts inconsistent with the plaintiff's conviction." *Sanders v. City of Pittsburg*, 14 F.4th 968, 970–71 (9th Cir. 2021). We must examine the record of the state criminal case—including the jury instructions—to determine "which facts the jury necessarily found" in the criminal trial, and whether specific factual allegations in the § 1983 complaint are necessarily inconsistent with those findings. *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1006–07

---

[1] Nimer explains that the factual basis of his excessive force and unconstitutional seizure claims are the same. We therefore discuss those claims interchangeably.

2

(9th Cir. 2022) (en banc). A § 1983 excessive force claim is not barred by *Heck* if the officers "used excessive force subsequent to the time" the plaintiff engaged in the conduct that formed the factual basis of his conviction, *Sanford v. Motts*, 258 F.3d 1117, 1120 (9th Cir. 2001), even if the incident involves "a single continuous chain of events lasting a very brief time," *Hooper*, 629 F.3d at 1131.[2]

Nimer's conviction for two counts of aggravated assault, A.R.S. § 13-1204(A)(8)(c), required the jury to find Nimer had (1) intentionally, knowingly, or recklessly caused a physical injury to another person; and (2) knew or had reason to know that the person assaulted was a firefighter engaged in the execution of any official duties. To convict Nimer, the sole evidence the jury was required to believe was that (1) Nimer shoved one firefighter and swung his fist at another; (2) Defendant Broek and Defendant Lang suffered physical injury; and (3) Nimer knew or had reason to know that Broek and Lang were firefighters engaged in the execution of any official duties. But evidence in the record—including Nimer's deposition testimony and testimony at Nimer's state criminal trial—supports that the firefighters held Nimer on the ground, punched him, and choked him "subsequent to the time" Nimer committed those acts that were necessary to the factual basis of his conviction. *See Sanford*, 258 F.3d at 1120. The jury in Nimer's criminal trial could

---

[2] Although these cases involve excessive force claims following convictions under California law, the parties do not dispute that the same reasoning applies to Nimer's aggravated assault conviction under A.R.S. § 13-1204.

have convicted Nimer of aggravated assault without considering Defendants' subsequent use of force. Therefore, the jury did not necessarily reject evidence "that the alleged excessive force continued after Plaintiff was restrained and compliant," and the district court erred in holding otherwise. *See Hooper*, 629 F.3d at 1132–34; *Smithart v. Towery*, 79 F.3d 951, 952–53 (9th Cir. 1996) (per curiam) (holding an excessive force claim was not *Heck*-barred where the plaintiff was convicted for driving a truck at two officers because the officers' use of force occurred during the subsequent arrest); *Sanford*, 258 F.3d at 1120 (holding an excessive force claim was not *Heck*-barred because the plaintiff claimed the officer punched her "after" the plaintiff had completed the acts necessary to her conviction); *Smith v. City of Hemet*, 394 F.3d 689, 696 (9th Cir. 2005) (holding an excessive force claim was not *Heck*-barred because the plaintiff claimed the officers "used excessive force against him *after* he had committed the acts on which his conviction was based").

Defendants' reliance on *Beets v. County of Los Angeles*, 669 F.3d 1038 (9th Cir. 2012), is misplaced. There, we held an excessive force claim was barred by *Heck* because the jury in the criminal trial was "specifically instructed" that it could not convict "unless it determined that [the officer] was in the lawful performance of his duties and did not use excessive force," *id.* at 1041, and the plaintiffs sought "to show that the very same act constituted excessive force," *id.* at 1045.

Here, in contrast to *Beets*, Nimer does not seek to show that "the very same

4

act[s]" which formed the factual basis of his conviction constituted excessive force; his claim relies on Defendants' acts that occurred *after* the acts the jury must have found to have occurred when it convicted Nimer. *See id.*

Hence, Nimer's claims are not *Heck*-barred because Nimer's success in this action would not *necessarily* contradict his conviction. To the contrary, viewing the evidence in the light most favorable to Nimer, there is a genuine dispute of fact as to whether Defendants engaged in excessive force after Nimer completed the aggravated assault. *See Smith*, 394 F.3d at 699. We therefore reverse the district court's grant of summary judgment in favor of Defendants with respect to Nimer's excessive force and unconstitutional seizure claims. We remand for the district court to consider the merits of those claims in the first instance.[3]

2. The district court properly granted summary judgment in favor of Defendants as to Nimer's equal protection claim. Nimer claims that Defendants refused to treat his chest pains and otherwise rendered him inadequate medical treatment because he is Black. But Nimer has failed to create a triable issue that Defendants altered their medical care "at least in part *because of*" Nimer's race. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994).

There is undisputed evidence in the record that, once Defendants arrived on

---

[3]     We express no view on the merits of Nimer's excessive force and unconstitutional seizure claims or any relevant affirmative defenses.

5

the scene in response to Nimer's request for medical assistance, Defendants immediately worked as a team to gather symptom information from Nimer, asked him about his complaint, and unloaded medical equipment from the fire truck. Defendants also began to monitor Nimer's heart upon their arrival. Defendants withdrew their medical care only after Nimer started becoming aggressive towards them. Moreover, after the physical altercation ended, Defendants continued providing medical care to Nimer and arranged for an ambulance to transport Nimer to the hospital.

Nimer has not submitted any evidence to show that Defendants' medical choices fell below the standard of care for medical professionals. For example, Nimer did not show that his medical condition would have improved if Defendants had provided him with a breathing machine, or that Defendants were incorrect that Nimer would recover once he "r[o]de [his] high out."

Nor is there any evidence that Defendants would have rendered different medical care to Nimer were he not Black. There is no evidence that different medical care was provided to White persons who had a similar medical emergency. In addition, although Nimer claims that Defendants used a racial epithet during the encounter, we have held the use of such a discriminatory remark, without additional evidence of racial animus, is insufficient to create a genuine issue of fact that a defendant acted in part because of a plaintiff's protected characteristic. *See Merrick*

*v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438–39 (9th Cir. 1990); *compare Gregory v. Widnall*, 153 F.3d 1071, 1074–75 (9th Cir. 1998) (holding evidence of a racist remark was insufficient to create a triable issue of fact with respect a hostile work environment claim under Title VII of the Civil Rights Act), *with Warren v. City of Carlsbad*, 58 F.3d 439, 443–44 (9th Cir. 1995) (holding a Black plaintiff raised an issue of fact as to intentional discrimination under Title VII of the Civil Rights Act because there was evidence that less-qualified White employees were promoted over him, "together with" statistical evidence of discrimination, subjective criteria used in hiring, and a racist remark).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[4]

---

[4] Each party shall bear its own costs related to this appeal.