NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUCE BOYER; DAVID WAYNE
GRIGGS; KIMBERLY COLLEEN
GRIGGS; JONATHAN BOYER,

        Plaintiffs - Appellants,

  v.

CITY OF SANTA BARBARA; SANTA
BARBARA POLICE
DEPARTMENT; JOHNS HOPKINS
CENTER FOR GUN VIOLENCE
SOLUTIONS, successor in interest of The
Coalition Against Gun Violence,

        Defendants - Appellees,

and

DOES,

        Defendant.

No. 24-5393

D.C. No.
2:23-cv-06828-TJH-MAA

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 2, 2025[]
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Plaintiffs Bruce Boyer, David Wayne Griggs, Kimberly Colleen Griggs, and Jonathan Boyer appeal the district court's dismissal of their 42 U.S.C. § 1983 action challenging the constitutionality of events allegedly occurring at a "gun buyback" event in Santa Barbara. We vacate the district court's order and remand for further proceedings.

1. We have appellate jurisdiction under 28 U.S.C. § 1291 because the district court's order dismissing "this case"—and not merely the complaint—without prejudice is a final, appealable order. *See De Tie v. Orange Cnty.*, 152 F.3d 1109, 1111 (9th Cir. 1998) ("The dismissal of an action, even when it is without prejudice, is a final order."); *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001).

2. The district court erred in dismissing the action without acknowledging Plaintiffs' request to amend their First Amended Complaint if the court determined that the complaint did not state a claim upon which relief could be granted. In dismissing Plaintiffs' action, the district court implicitly denied leave to amend the

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

First Amended Complaint. *See* Fed. R. Civ. P. 15(a) (allowing a party to "amend its pleading once as a matter of course" but requiring "the opposing party's written consent or the court's leave" in "all other cases"); *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (explaining that when an order dismisses a complaint without prejudice and without expressly granting leave to amend, "we may have to determine from the whole record . . . whether it was contemplated that the whole action was dismissed on the merits"). "We review denial of leave to amend for an abuse of discretion." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 573 (9th Cir. 2020). The district court did not address Plaintiffs' amendment request, let alone explain its implicit denial of the request. This was an abuse of discretion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("[O]utright refusal to grant the leave [to amend] without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion . . . ."); *see also Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) ("A simple denial of leave to amend without any explanation by the district court is subject to reversal."). We vacate and remand so that the district court can address the amendment request.

**VACATED and REMANDED.**

The parties shall bear their own costs and fees on appeal.