# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-1119

BILL VANGILDER,

*Plaintiff-Appellant,*

v.

BRIAN BAKER, CITY OF LAFAYETTE, AND LAFAYETTE POLICE
DEPARTMENT,

*Defendants-Appellees.*

———————

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 03 C 55—**Allen Sharp**, *Judge.*

———————

ARGUED OCTOBER 26, 2005—DECIDED JANUARY 13, 2006

———————

Before FLAUM, *Chief Judge,* and EVANS and WILLIAMS,
*Circuit Judges.*

EVANS, *Circuit Judge.* One summer night in 2001, Bill
VanGilder was among the revelers at the Linwood Tavern,
a watering hole in Lafayette (Tippecanoe County), Indiana.
After police responded to a reported brawl at the tavern,
VanGilder was arrested for public intoxication by officer
Brian Baker. VanGilder did not consent to a breath test.
Since the Tippecanoe County Jail had a policy of refusing to
accept inmates suspected of intoxication until they are seen

by a doctor, Baker transported VanGilder to the emergency room of St. Elizabeth's Hospital.

VanGilder was not a model patient. After one doctor cleared him for jail, VanGilder demanded additional examination and treatment, saying he had been injured in the bar fight. While awaiting further attention, VanGilder tumbled off his gurney and taunted Baker, "I'm going to keep you here all night." The officer handcuffed VanGilder to the gurney.

Eventually a second doctor ordered a blood test. VanGilder resisted, positioning his arm so that hospital personnel could not reach his veins. Unable to free the arm, Baker struck VanGilder (we must, of course, at this stage of the case, assume VanGilder's view of the facts) several times about the face. Baker claims that VanGilder kicked him in the side of the head, resulting in a minor concussion for which he later received treatment. (VanGilder denies the kick.) A nurse also said VanGilder was belligerent and that she feared he might try to grab Baker's gun.

According to his police report, Baker responded to the kick by punching VanGilder "repeatedly in the face with a closed fist." VanGilder says Baker punched him between 7 and 10 times, leaving bruises and breaking the orbital bones around his eyes. In the course of the beating, VanGilder says he told Baker, "[S]top . . . okay, okay, take the blood." During this time, VanGilder says his hands were secured to the gurney by handcuffs above his head. Baker characterized his actions as an effort to regain control after VanGilder's resistance.

In his suit against Baker, VanGilder alleges excessive use of force, an infringement of his civil rights in violation of 42 U.S.C. § 1983. The district court granted Baker's summary judgment motion because it believed that VanGilder's claim was barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).

VanGilder appeals, and, as usual, our review of a grant of summary judgment is *de novo. Merrill v. Trump Indiana, Inc.,* 320 F.3d 729, 731 (7th Cir. 2003). Because the district court erred in its application of *Heck,* as we will explain, we reverse and remand.

*Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck,* 512 U.S. at 484 (citation omitted). Specifically, *Heck* holds that before a § 1983 plaintiff may recover damages for alleged harm "caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus. *Id.* at 486-87. The rule is intended to prevent "collateral attack on [a] conviction through the vehicle of a civil suit." *Id.* at 484. Since § 1983 "creates a species of tort liability," *id.* at 483 (citation omitted), the *Heck* rule underscores "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ," *id.* at 486.

To properly apply *Heck*'s bar against certain damage actions, a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted.[1] As the Supreme Court explained, "the district court must consider whether a judgment in

---

[1] Whatever a plaintiff may originally have been criminally charged with, in applying the *Heck* Court's holding we examine only the actual conviction. *See Heck,* 512 U.S. at 486-87 (referring repeatedly to "conviction" and "sentence"). There is certainly no authority for Baker's unsupported assertion that *Heck* bars a § 1983 claim that would necessarily imply the invalidity of a plaintiff's "either actual or *potential*" conviction.

favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Id.* at 487. If so, the complaint must be dismissed until the plaintiff can show the conviction or sentence has been invalidated. *Id.* However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed . . . ." *Id.* (footnote omitted).

In a more recent case, the Court emphasized the need for a clear nexus between the plaintiff's conviction and the alleged wrongful government action before the *Heck* bar applies. As Justice O'Connor wrote for a unanimous Court,

> [W]e were careful in *Heck* to stress the importance of the term "necessarily." For instance, we acknowledged that an inmate could bring a challenge to the lawfulness of a search pursuant to § 1983 in the first instance, even if the search revealed evidence used to convict the inmate at trial, because success on the merits would not "*necessarily* imply that the plaintiff's conviction was unlawful." 512 U.S., at 487, n. 7 (noting doctrines such as inevitable discovery, independent source, and harmless error). To hold otherwise would have cut off potentially valid damages actions as to which a plaintiff might never obtain favorable termination . . . .

*Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

Contrary to the district court's view in this case, *Heck* does not automatically bar a § 1983 claim simply because "the processes of the criminal justice system did not end up in [the] plaintiff's favor." A plaintiff need not prove that *any* conviction stemming from an incident with the police has been invalidated, only a conviction that could not be reconciled with the claims of his civil action.

Here, VanGilder was originally charged with felony battery on a police officer. After plea bargaining, the charge was reduced, and VanGilder was convicted instead of resisting a law enforcement officer, a misdemeanor. Thus, whether this suit is barred by *Heck* hinges on whether an action against Baker for excessive use of force necessarily implies the invalidity of VanGilder's conviction for resisting. The answer is no.

Exactly what happened during the blow-by-blow in the St. Elizabeth's emergency room, and thus whether VanGilder is entitled to damages, is a question to be decided at trial. But as a threshold matter, it is clear that a judgment for VanGilder, should he prevail, would not create "two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484. VanGilder does not collaterally attack his conviction, deny that he resisted Baker's order to comply with the blood draw, or challenge the factual basis presented at his change of plea hearing. Rather, VanGilder claims that he suffered unnecessary injuries because Baker's response to his resistance—a beating to the face that resulted in bruises and broken bones—was not, under the law governing excessive use of force, objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 397 (1989); *McNair v. Coffey*, 279 F.3d 463, 466-67 (7th Cir. 2002).

Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted—and be shielded from accountability under civil law—as long as the prosecutor could get the plaintiff convicted on a charge of resisting. This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983.

In support of its holding, the district court cited without analysis three of our cases applying *Heck*, but none of them are relevant to the circumstances of this case. In *Kramer v. Village of North Fond Du Lac*, 384 F.3d 856 (7th Cir. 2004), we noted that a plaintiff's Fourth Amendment claim over an alleged unreasonable search did not imply the invalidity of his conviction for setting up illegal gaming machines. *Id.* at 862. In *Wiley v. City of Chicago*, 361 F.3d 994 (7th Cir. 2004), we observed that a suit for false arrest based on the plaintiff's claim that police planted drugs on him "would necessarily challenge the legality of a prosecution premised on the planted drugs" and thus could not proceed until the charges were dismissed. *Id.* at 997. And in *Alejo v. Heller*, 328 F.3d 930 (7th Cir. 2003), we said *Heck*'s favorable-determination requirement does not apply where a prisoner challenges only the conditions of confinement, not the fact or duration of his confinement. *Id.* at 937.

Baker argues that even if the district court's application of *Heck* was erroneous, he is protected from suit by qualified immunity under principles of *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Because the district court declined to reach the issue of qualified immunity, VanGilder did not present or brief that question. We thus decline Baker's invitation to affirm on that ground. Baker may raise a qualified immunity defense after the case returns to the district court.

The judgment of the district court is REVERSED and the case REMANDED for further proceedings.

No. 05-1119 7

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*