# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 05-3699

PATRICK J. MCCANN,

*Plaintiff-Appellant,*

*v.*

Deputy KEN NEILSEN,
in his individual capacity,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 7955—**James F. Holderman**, *Chief Judge.*

ARGUED FEBRUARY 6, 2006—DECIDED OCTOBER 26, 2006

Before FLAUM, *Chief Judge*, and ROVNER and SYKES,
*Circuit Judges*.

SYKES, *Circuit Judge.* Patrick McCann brought this
civil rights action under 42 U.S.C. § 1983 alleging that
McHenry County Sheriff's Deputy Ken Neilsen used
excessive force in the course of arresting him. The district
court granted Deputy Neilsen's motion for judgment on
the pleadings, holding that under *Heck v. Humphrey,* 512
U.S. 477 (1994), certain allegations in the complaint
were inconsistent with, and thus an impermissible col-
lateral challenge to, McCann's criminal convictions stem-
ming from the same confrontation. McCann appeals, and for
the following reasons we reverse and remand for further
proceedings.

## I. Background

The record is necessarily limited by virtue of the district court's award of judgment on the pleadings. On November 9, 2001, McCann was being sought by the police in the vicinity of Woodstock, Illinois, for alleged acts of violence against his estranged girlfriend. Around noon that day, Deputy Neilsen of the McHenry County Sheriff's Department encountered McCann walking along some railroad tracks. McCann initially ran from the deputy, then stopped, turned, produced a "spike-type" weapon from his pocket, and began walking directly toward the deputy. When McCann continued to advance despite the Deputy's commands to stop, Deputy Neilsen fired a single shot that struck McCann in the chest.[1]

McCann was subsequently convicted by an Illinois jury of aggravated assault on the deputy and obstructing a peace officer in connection with the confrontation incident to the arrest. McCann's conviction for aggravated assault under Illinois law required the jury to find that he engaged in conduct which placed another person in reasonable apprehension of receiving a battery, knowing that the individual assaulted was a peace officer. 720 ILL. COMP. STAT. 5/12-1; 720 ILL. COMP. STAT. 5/12-2(a)(6). The conviction for obstructing a peace officer required the jury to find that McCann "knowingly obstruct[ed] the performance by one known to the person to be a peace officer . . . of any authorized act within his official capacity . . . ." 720 ILL. COMP. STAT. 5/31-1.

McCann then brought this suit pursuant to 42 U.S.C. § 1983, alleging that Deputy Neilsen's act of shooting

---

[1] These facts, not contained in McCann's complaint, are included in the facts of which the district court took judicial notice from the content of court files of the proceedings against McCann in Illinois state court stemming from the confrontation.

him and causing serious injury constituted an excessive use of force in violation of the Fourth Amendment. In his complaint, McCann alleged in pertinent part as follows:

> 5. On November 9, 2001, the plaintiff was lawfully present at the approximate location of Ridgefield Road and Country Club Drive at or about the railroad tracks in Ridgefield, in the Northern District of Illinois.

> 6. At the time and date aforesaid, the plaintiff did not pose a threat of violence or great bodily harm to the defendant, was not in the commission of a forcible felony nor was he attempting to resist, escape or defeat an arrest otherwise [sic] acting so as to justify the use of deadly force by the defendant.

> 7. That on the date and time aforesaid, the defendant, without justification, shot the plaintiff causing serious injury.

Deputy Neilsen moved for judgment on the pleadings, pursuant to FED. R. CIV. P. 12(c), and in connection therewith asked the district court to take judicial notice of McCann's aggravated assault and obstruction convictions. The court took notice of the convictions and held that the factual allegations in the complaint were inconsistent with, and thus challenged the validity of, McCann's assault and obstruction convictions, and that this required dismissal pursuant to the *Heck* rule. *Heck* holds that a plaintiff may not maintain a § 1983 action where a judgment in his favor would necessarily imply the invalidity of a previous criminal conviction that has not been reversed, expunged, or called into question by the issuance of a federal court writ of habeas corpus. Applying this rule, the district court held as follows:

> McCann cannot now allege that he was not 'attempting to resist, escape or defeat an arrest' . . . because that allegation necessarily calls into question his conviction for obstructing a peace officer. . . . McCann cannot

now allege that 'he did not pose a threat of violence' to Deputy Neilsen because that allegation would necessarily call into question his conviction for assault.

Because McCann's assault and obstruction convictions had not been reversed, expunged, or called into question by a federal writ of habeas corpus, the district court granted judgment on the pleadings in favor of Deputy Neilsen.

## II.  Discussion

A judgment entered on the pleadings pursuant to FED. R. CIV. P. 12(c) is reviewed de novo. *Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 798 (7th Cir. 2004). The rule of *Heck v. Humphrey* is intended to prevent collateral attack on a criminal conviction through the vehicle of a civil suit. *Heck*, 512 U.S. at 484. To this end, *Heck* bars a plaintiff from maintaining a § 1983 action in situations where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . ." *Id.* at 487; *see also VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). Conversely, if the civil action, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Heck*, 512 U.S. at 487.

As a general proposition, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a § 1983 action for excessive force stemming from the same confrontation. *VanGilder*, 435 F.3d at 692. A contrary conclusion, we held in *VanGilder*, would "imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages." *Id.* We disapproved such a result because it "would open the door to undesirable behavior and gut a large share of the

protections provided by § 1983." *Id*. Thus, a civil judgment that Deputy Neilsen used excessive force in effecting McCann's arrest would not *necessarily* imply the invalidity of McCann's criminal convictions for assault and obstruction.

The district court in the present case did not disagree with this general proposition, noting that McCann could "have avoided *Heck* by admitting that he was guilty of aggravated assault and obstructing a peace officer, or by simply remaining silent about the facts regarding those convictions." The district court was of the view that even if McCann's constitutional claim was not *Heck*-barred in the abstract, McCann had voluntarily steered the action into *Heck* territory by making specific factual allegations in the complaint that were inconsistent with the facts upon which his criminal convictions were based.

This additional gloss on the *Heck* analysis is supported by our precedents. This court held in *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), that a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction: "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." Okoro was convicted of dealing heroin following a search that recovered heroin in his home; his defense had been that he was not selling drugs but gems and the officers stole the gems during the search. His subsequent § 1983 suit was *Heck*-barred because his specific allegations—that the defendant officers violated his civil rights by illegally seizing his gems—were inconsistent with the validity of his heroin conviction.

*VanGilder*, an excessive force § 1983 claim evaluated against the backdrop of a conviction for resisting an officer, contains a similar analysis but a different result:

> VanGilder does not collaterally attack his conviction, deny that he resisted [the officer's] order to comply with the blood draw, or *challenge the factual basis presented at his change of plea hearing.* Rather, VanGilder claims that he suffered unnecessary injuries because [the officer's] response to his resistance . . . was not, under the law governing excessive use of force, objectively reasonable.

*VanGilder*, 435 F.3d at 692 (emphasis added). Thus, VanGilder, unlike Okoro, had not pleaded facts inconsistent with his underlying criminal conviction, and his § 1983 claim, not otherwise incompatible with those convictions, was permitted to proceed.

The question for us, then, is not whether McCann *could have* drafted a complaint that steers clear of *Heck* (he could have), but whether he did. In other words, does the complaint contain factual allegations that "necessarily imply" the invalidity of his convictions. *Heck*, 512 U.S. at 487. On this question, we find it dispositive that the district court took an ambiguously worded paragraph in the complaint—one that could be read to avoid the *Heck* bar—and construed it in a manner that favored the defendant.

In deciding a Rule 12(c) motion, we accept the facts alleged in the complaint in the light most favorable to the plaintiff. *Guise*, 377 F.3d at 798. Giving McCann the benefit of all reasonable inferences, we conclude that his complaint can reasonably be read in a manner that does not implicate *Heck*. To repeat, the operative paragraph of the complaint states as follows:

> At the time and date aforesaid, the plaintiff did not pose a threat of violence or great bodily harm to the defendant, was not in the commission of a forcible felony nor was he attempting to resist, escape or defeat an arrest otherwise [sic] acting *so as to justify*

*the use of deadly force by the defendant.* (Emphasis added.)

The district court read this paragraph to constitute a categorical denial by McCann that he ever posed a threat of violence to the deputy, or ever attempted to resist or defeat arrest. Given the convoluted syntax employed, this reading is not completely unreasonable, and, so read, this paragraph renders McCann's allegations arguably inconsistent with his assault and obstruction convictions.

But there is an equally plausible construction that avoids inconsistency with McCann's assault and obstruction convictions. That is, by reference to the concluding and qualifying clause emphasized above, the paragraph can be read as alleging that McCann never posed a threat of violence, attempted escape, or resisted arrest *to a degree* that would have justified the use of deadly force as a response. Read in this way, McCann is not denying his assaultive and obstructive conduct, but is alleging that regardless of what he may have done, the deputy's use of deadly force as a response was not reasonable. Given our obligation at this stage of the proceedings to construe the complaint in the light most favorable to the nonmoving party, we give the complaint this construction and hold that McCann's claim is not barred by *Heck*. On remand, McCann should be given an opportunity to file an amended complaint that clarifies and implements this reading of his allegations.

The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*