**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2453
_____

MICHAEL GARRISON,

Appellant

v.

WILLIAM PORCH, Police Officer;
CITY OF NORTH WILDWOOD;
NORTH WILDWOOD POLICE DEPARTMENT;
DENISE WATSON; JOHN MCBRIDE;
ROBERT CARUSO; ROBERT MATTEUCCI;
PAUL SKILL; TED HINDES, Police Officers

_____

On Appeal from the United States District Court
for the District of New Jersey
(Civil No. 1-04-CV-01114)
District Judge: Hon. Noel L. Hillman

Argued November 19, 2009

Before: RENDELL, BARRY, and CHAGARES, Circuit Judges.

(Filed: April 16, 2010)

Paul R. D'Amato, Esq.
D'Amato Law Firm
401 New Road
Suite 103
Linwood, NJ 08221

Donald P. Jacobs, Esq. (argued)
Budd Larner
150 John F. Kennedy Parkway
3rd Floor
Short Hills, NJ 07078-0999
Counsel for Appellant

Joseph M. Scott, Esq. (argued)
Barker, Scott, & Gelfand
210 New Road
Linwood Greene, Suite 12
Linwood, NJ 08221-0000
Counsel for Appellee

_____

OPINION OF THE COURT
_____

CHAGARES, Circuit Judge.

Michael Garrison appeals from the District Court's entry of summary judgment as to his claims against William Porch. For the reasons set forth below, we will vacate and remand.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts. Since the procedural posture is a grant of summary judgment, we construe all facts in the light most favorable to Garrison as the non-moving party.

On the night of March 29, 2002, after consuming several alcoholic beverages and smoking marijuana at a friend's home in North Wildwood, New Jersey, Garrison and

2

several of his friends took a cab to a nearby bar. At the bar, Garrison had several more alcoholic drinks and consumed a tablet of the illegal drug ecstasy. Throughout the rest of the evening, Garrison and his friends visited multiple local bars and continued to consume alcoholic beverages.

At approximately 2:00 a.m., Garrison exited one such bar, walked into an adjoining alley, and began to urinate against a wall. Porch, a plainclothes police officer patrolling the area, noticed this and approached Garrison, intending to arrest him for public urination.

When Porch attempted to handcuff Garrison, Garrison spun around, and raised up his hands in an aggressive manner as if to strike Porch. In response, Porch grabbed Garrison by his arm, forced him to the ground, and jumped on Garrison's back, where Porch was able to place his handcuffs on Garrison.

At this point, Garrison began to complain of neck pain. Porch called for medical attention, and Garrison was taken to a nearby hospital. It was ultimately determined that he had a cervical spine fracture, which required nearly a month of inpatient care and over four months of outpatient rehabilitation therapy.

Garrison was charged with aggravated assault on a police officer, resisting arrest, disorderly conduct, and public urination. He pled guilty to an amended charge of simple

assault[1] and to purposefully resisting arrest, and the remainder of the charges were dropped.

On March 3, 2004, Garrison brought suit in the District Court naming as defendants Porch, a number of other North Wildwood police officers, the North Wildwood Police Department and the city of North Wildwood. He sought damages under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights and under a number of state law causes of action. Defendants filed motions to dismiss Garrison's claims. In separate orders, the District Court dismissed most of Garrison's claims, and on November 16, 2006, Garrison agreed to a stipulation of dismissal with prejudice as to his claims against all defendants except Porch, and the City only insofar as it may be vicariously liable for Porch's actions.

Porch filed a counterclaim against Garrison, seeking damages for assault and battery and several other state law claims. Porch moved for summary judgment as to both Garrison's state and federal claims against him, and his counterclaim against Garrison. On March 9, 2007, the District Court granted Porch's motion as to Garrison's claims,[2] but

---

[1] New Jersey's simple assault statute criminalizes intentional attempts to cause bodily injury, negligent bodily injury with a deadly weapon, or "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J. Stat. Ann. § 2C:12-1a. Since no deadly weapon was used in the incident, we must conclude that Garrison was convicted of either attempting or threatening to cause bodily damage to Porch. There were no specific facts of the crime in the indictment or admitted by Garrison at the guilty plea, and Garrison denies actually striking Porch.

[2] On appeal, Garrison does not contest the entry of judgment on his state law claims, and we therefore only consider whether the District Court's entry of judgment on

4

denied the motion as to Porch's counterclaim.

Garrison filed a timely notice of appeal from the March 9 order, but it was voluntarily dismissed as an interlocutory appeal under Rule 42(b) of the Federal Rules of Appellate Procedure because Porch's counterclaim had not been resolved. After the case was reopened, Garrison filed a Motion to Reconsider, which the District Court denied. The District Court then entered a consent order which provided that Porch's counterclaim be dismissed without prejudice. The consent order stated that it allowed Garrison to appeal the District Court's entry of summary judgment as to his excessive force claim, but that if he won the appeal and the case was remanded to the District Court, Porch could then reinstate his counterclaim.

After the consent order was entered, Garrison again filed a notice of appeal. The Clerk of this Court informed the parties that the consent order may still not be a final appealable order under 28 U.S.C. § 1291 because Porch retained the ability to reinstate his counterclaim. Shortly thereafter, Porch consented to the dismissal of his counterclaim with prejudice, and a stipulation to that effect was filed in the District Court.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343(a).

The parties were directed to brief the issue of appellate jurisdiction. Both parties did so, and they agree that this Court has appellate jurisdiction over this matter. The issue

Garrison's § 1983 claim was in error.

5

is whether or not the consent order, in conjunction with the stipulation agreement, is a final judgment under 28 U.S.C. § 1291.

This Court has previously held that we do not generally have appellate jurisdiction when there is still a chance, contingent upon the outcome of the appeal, that a claim dismissed without prejudice could be reinstated. Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co., 316 F.3d 431, 438 (3d Cir. 2003). The consent order dismissed Porch's counterclaim without prejudice, which meant that the counterclaim could be resurrected if Garrison won on appeal. The consent order was therefore not itself a final judgment under § 1291.

However, the stipulation agreement provided that the dismissal of Porch's counterclaim was with prejudice, making the dismissal a final judgment. We have previously held that a party whose claims had been dismissed without prejudice may explicitly agree that claims be dismissed with prejudice. When the party does so, the claims may not be reinstated, the judgment is final within the meaning of § 1291, and this Court properly has appellate jurisdiction. See id. (holding that the exercise of appellate jurisdiction was proper under § 1291 where original order dismissed certain claims without prejudice, but the party bringing those claims agreed that the claims at issue should be dismissed with prejudice *at oral argument* and obtained an order from the district court shortly thereafter to that effect). This explicit agreement does not necessarily have to be a court order dismissing the claim or claims with prejudice in order

6

to be valid. See Tiernan v. Devoe, 923 F.2d 1024, 1031 (3d Cir. 1991) (holding that appellate jurisdiction was appropriate where initial dismissal was without prejudice, but "plaintiffs renounced, through letter briefs, any intention to take further action against the . . . Defendants."). We therefore have appellate jurisdiction pursuant to § 1291.

We apply a plenary standard of review to a district court's grant of summary judgment. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993).

III.

Garrison asserts that the District Court erred in granting summary judgment on his excessive force claim against Porch under § 1983. We agree.

The District Court based its entry of summary judgment on the Supreme Court's decision in Heck v. Humphrey, in which the Court held that a plaintiff may not recover damages under § 1983 if doing so would imply the invalidity of a prior conviction. 512 U.S. 477, 487 (1994); see also Gilles v. Davis, 427 F.3d 197, 208-09 (3d Cir. 2005) ("Under Heck, a § 1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal, or impaired by collateral proceedings."). A claim for damages under § 1983 will only be barred under Heck when the claim, if successful, necessarily invalidates the prior conviction. The District Court held that Garrison could not possibly succeed on his excessive force claim without implying the invalidity of his conviction for simple assault.

The Fourth Amendment requires police officers to use only the degree of force that

7

is reasonably necessary to place a suspect under arrest. See Tennessee v. Garner, 471 U.S. 1, 9-10 (1985). If the force used in effecting an arrest is beyond what was reasonably necessary, the arrestee may seek monetary damages for the infringement of his or her constitutional rights under § 1983. In determining whether or not the force used in effecting an arrest was unreasonably excessive, a finder of fact is to consider the totality of the circumstances surrounding the arrest. Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997).

This Court has previously determined that a conviction for resisting arrest does not necessarily preclude an arrestee for recovering damages on a § 1983 excessive force claim. Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997). In doing so, we reversed the district court, which had informed the jury that the arrestee could only recover damages on his claim if he showed that his actions did not justify the use of "substantial force" by the police officer. However, we observed that "there undoubtedly could be 'substantial force' which is objectively reasonable and 'substantial force' which is excessive and unreasonable." Id. at 145. We ultimately held that a reasonable juror, considering the totality of the circumstances, could find that the arrestee resisted arrest, but was still subjected to an unreasonably excessive level of force by the police officer in response. Id. at 146.

Porch here argues that because Garrison pled guilty to assaulting the arresting officer, the force Porch used in taking Garrison into custody could not have been

8

excessive. However, the fact that Garrison's threatened or attempted use of force was unlawful does not automatically mean that there is no use of force that Porch could have used in response which could have risen to the level of unreasonable and excessive. Porch was still constrained to use only the level of force which was reasonable to bring Garrison into custody. While the fact that Garrison was acting in an unruly and threatening manner certainly factors into the totality of the circumstances and may have justified a greater use of force than would have been reasonable had Garrison been peaceful and cooperative, it certainly did not dispense with the reasonableness requirement altogether.

While this Court has not squarely addressed the issue of whether a simple assault conviction necessarily serves as a bar to a § 1983 excessive force claim under Heck, other courts of appeals to have considered factually similar cases have generally held that the mere fact of a conviction for assault or similar conviction arising out of the same incident does not automatically preclude recovery on an excessive force claim brought under § 1983. See, e.g., Dyer v. Lee, 488 F.3d 876, 883 (11th Cir. 2007); McCann v. Nielsen, 466 F.3d 619, 620 (7th Cir. 2006); Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006); Ballard v. Burton, 444 F.3d 391, 400-01 (5th Cir. 2006); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). But see Cummings v. City of Akron, 418 F.3d 676, 682-83 (6th Cir. 2005) (holding that Heck barred plaintiff's § 1983 excessive force claim where plaintiff had been convicted of assaulting the police officer in the same

9

incident). We agree with the majority of other courts of appeals to have faced this issue in rejecting Porch's argument that Garrison's conviction for simple assault automatically precludes him from recovering on his § 1983 claim.

Porch also argues that because Garrison could have, but did not, used self-defense as an affirmative defense to the charge of simple assault, his conviction establishes as a matter of law that his conduct was not justified, and he is therefore barred by Heck from recovering on his excessive force claim. However, due to the nature of Garrison's factual claims as alleged in his complaint and pleadings, the issue of self-defense is irrelevant. Garrison has not claimed that his act of simple assault was committed to protect himself. He acknowledges that he assaulted Porch before Porch allegedly used excessive force. He claims that after his act of assault, Porch then responded by using a degree of force that was much greater than was reasonably necessary to subdue him and place him under arrest. This is clearly a claim of excessive force in response to an assault, and the theoretical availability of a self-defense claim in other simple assault cases is of no relevance to the present case.

Garrison admits that upon initially being confronted by Porch, he acted in a very aggressive and threatening manner, which constituted simple assault. At that point, Garrison alleges that Porch responded by using an excessive level of force by flinging him to the ground and jumping on top of him, fracturing his vertebrae. There is no logical inconsistency in these two assertions. A reasonable jury could find that, even

considering Garrison's initial behavior which constituted a simple assault, Porch used an unreasonable amount of force in arresting him, and in doing so violated his constitutional rights. Garrison's § 1983 claim is therefore not barred by Heck, and the District Court erred by granting Porch's motion for summary judgment.[3]

IV.

For these reasons, we will vacate the judgment of the District Court and remand the case for further proceedings.

---

[3] The Court emphasizes that our holding is in no way an assessment of the merits of Garrison's claim. We are reversing the District Court solely because Garrison's claim for relief is not necessarily inconsistent with the fact of his simple assault conviction. In this respect the case before us is similar to Nelson, in which this Court wrote that "while we do not doubt that even on the facts as presented by Nelson it will be difficult for him to establish liability in this case, we do not see why a judgment in his favor would throw the validity of his conviction into doubt." 109 F.3d at 146.