NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 20, 2011[*]
Decided January 21, 2011

**Before**

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2796

| | |
|---|---|
| RICHARD HOEFT, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-138-wmc |
| | |
| TIM ANDERSON and VICKI ARNDT, | William M. Conley, |
| *Defendants-Appellee*s. | *Chief Judge*. |

**O R D E R**

Richard Hoeft seeks damages under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that Vicki Arndt, his probation officer, and Tim Anderson, an officer for the United States Forest Service, violated his rights under the Fifth Amendment by obtaining confessions from him on two occasions without reading him his *Miranda* rights. On appeal Hoeft challenges the district court's grant of summary judgment for the officers. Because the first confession was never used

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

against Hoeft in a court proceeding, and the second confession is necessary to support a criminal judgment that has not been invalidated, we affirm.

The first unwarned confession occurred in March 2003. While on probation that year, Hoeft became the primary suspect in an investigation into timber theft at a national forest in northern Wisconsin. In March Anderson contacted Arndt to arrange an interview with Hoeft during one of Hoeft's weekly probations meetings. During the interview, Hoeft was told he couldn't leave and, without receiving *Miranda* warnings, confessed in writing to stealing wood from a timber sale at the national forest. According to Anderson, the government "considered" Hoeft's statement, "along with other information," when it decided to bring federal charges against him in August 2003. Following arraignment in early 2004, Hoeft moved to suppress his confession. But in April 2004, before the court ruled on the motion to suppress, the government dismissed the case because Arndt was unavailable to testify.

The second unwarned confession occurred in April 2003. That month, Hoeft voluntarily met with Anderson again, with Arndt speaking to Hoeft over the phone during the meeting. Hoeft confessed in writing to another incident of timber theft, again without receiving *Miranda* warnings and, Hoeft says, with Arndt threatening to revoke his probation if he didn't cooperate with Anderson's interview. State prosecutors eventually filed sixteen charges against Hoeft in state court, including the timber theft he confessed to during the April interview. (The only evidence conclusively connecting Hoeft to this instance of timber theft is his April confession.) After he was convicted of three of the charges (unrelated to the theft he confessed to in April), the remaining thirteen counts were dismissed. But at the sentencing on his three convictions, the state read into the record the charge for the theft that he confessed to in April, and the court ordered him to pay restitution to the victim of that theft.

Hoeft's lawsuit contends, as relevant here, that the officers violated the Fifth Amendment by failing to read him his *Miranda* rights before obtaining his two confessions. Arndt moved for summary judgment, Anderson moved for judgment on the pleadings, and Hoeft did not respond to either motion, so the district court adopted Arndt's proposed findings of fact and granted summary judgment to both officers. The court found that "it is not clear whether the prosecutions against Hoeft were commenced based on his un-warned confessions," but in any case, Arndt and Anderson were entitled to qualified immunity because the "failure to give a *Miranda* warning was not clearly established as a constitutional violation" at the time the interviews took place.

On appeal Hoeft challenges only the district court's conclusion that failure to give a *Miranda* warning wasn't a clearly established constitutional violation at the time of the two

interviews.  We agree with the government, however, that we need not reach qualified immunity because Hoeft's constitutional rights were not violated by the March interview and his claim about the April interview is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

Failure to give *Miranda* warnings during a custodial interrogation is not by itself a Fifth Amendment violation.  *See Chavez v. Martinez*, 538 U.S. 760, 766-70 (2003) (plurality opinion); *Hanson v. Dane Cnty., Wis.*, 608 F.3d 335, 339-40 (7th Cir. 2010).  The government violates a suspect's privilege against self-incrimination only if it introduces the unwarned statement into evidence in pretrial or trial proceedings.  *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1026-27 (7th Cir. 2006); *see Stoot v. City of Everett*, 582 F.3d 910, 925 (9th Cir. 2009); *Higazy v. Templeton*, 505 F.3d 161, 171-73 (2d Cir. 2007).  Absent such use, there is no constitutional violation, even when the government has initiated a criminal prosecution based on the statement.  *Hanson*, 608 F.3d at 339-40; *Burrell v. Virginia*, 395 F.3d 508, 513-14 (4th Cir. 2005); *see Chavez v. Martinez*, 538 U.S. 760, 777-79 (2003) (Souter, J., concurring).

Hoeft contends only that his March confession "was used to commence criminal proceedings against him."  But he presents no evidence, and we see none in the record, showing that the confession was introduced into evidence during any court proceeding.  Hoeft did move to suppress the possible use of his March confession, but before the court decided whether the confession was admissible, the government dismissed the case because Arndt was unavailable to testify.  That the government "considered" Hoeft's statements, "along with other information," in deciding to bring the charge against him is insufficient to violate the Fifth Amendment.  *See Hanson*, 608 F.3d at 340.  Because he hasn't produced evidence upon which a jury reasonably could conclude that the government used his March confession in court, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008), Hoeft's Fifth Amendment claim about the March interview fails.

That brings us to the April confession.  Hoeft contends, and the record shows, that the state did use Hoeft's April confession in court at the sentencing on his state convictions.  The government responds that regardless of whether this use violates Hoeft's Fifth Amendment rights, *Heck* bars Hoeft's claim because declaring the use of the confession unconstitutional necessarily would call his state sentence into question.

*Heck* holds that, "unless a plaintiff can demonstrate his conviction or sentence has already been invalidated," the plaintiff's § 1983 suit must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. at 487; *see McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).  Some constitutional violations, however, such as excessive force during arrest, do not bar a § 1983 action if they can coexist with a valid conviction.  *See Evans v. Poskon*, 603 F.3d 362, 363-64 (7th Cir. 2010);

*McCann*, 466 F.3d at 621.  But Hoeft's claim would, if successful, necessarily imply the invalidity of his sentence.  Part of Hoeft's sentence depended on the confession:  He was explicitly required to pay restitution to the victim of the theft that he confessed to in April, and no evidence other than the confession established his guilt for that theft.  Because Hoeft hasn't alleged, let alone shown, that his sentence has already been invalidated, we agree with the government that Hoeft's claim about the April interview is barred by *Heck*. *See Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000) (barring claim for violation of extradition rights that would imply invalidity of parole revocation); *see also Skinner v. U.S. Dept. of Justice and Bureau of Prisons*, 584 F.3d 1093, 1098 (D.C. Cir. 2009) (barring claim that would result in restoration of good time credits); *Davis v. Kan. Dept. of Corr.*, 507 F.3d 1246, 1249 (10th Cir. 2007) (barring claim challenging sentencing calculation).

AFFIRMED.