# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 17, 2025

Lyle W. Cayce
Clerk

No. 24-30121

Raynaldo Markeith Sampy, Jr.,

*Plaintiff—Appellant*,

*versus*

Jonathan Price Rabb; Asher Reaux; Brandon Lamar Dugas; Ian James Journet; Segus Ramon Jolivette; Jordan Kamal Colla; Lafayette Consolidated Government,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:19-CV-580

Before Higginbotham, Jones, and Southwick, *Circuit Judges*.

Edith H. Jones, *Circuit Judge*:

Plaintiff-appellant Raynaldo Sampy Jr. kicked a police officer during his arrest and was convicted in Lafayette City Court for battery of a police officer. He now alleges the officers' use of force during the encounter was excessive. Because *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994), bars Sampy's claims, the judgment of the district court is AFFIRMED.

No. 24-30121

I.

In May 2018, seven officers from the Lafayette Police Department responded to a call that Sampy had driven into an ice cooler in front of a convenience store.  When officers arrived, they found Sampy asleep in the driver's seat of his car.  Sampy was forcibly removed from his vehicle, handcuffed, and bent over the hood of a nearby police car.  Sampy's complaint alleges that "[o]ther than vociferously complaining about his mistreatment, Mr. Sampy did not resist the officers' arrest."  But while officers attempted to restrain him on the hood of the car as he actively resisted, Sampy kicked Officer Rabb.  When adjudicating Sampy guilty of battery of a police officer, the City Court stated:

> It's very obvious that your legs kicked out.  It's very obvious that simultaneously Officer Rabb grabbed your leg and it is clear on the video that somebody yells, "You like to kick?"  And then obviously, Officer Rabb after he pulls you off the car and put you on the ground the second time is when he clearly says, "Stop [k]icking."

Notwithstanding his battery conviction, Sampy sued the seven Lafayette City police officers present during his arrest and the Lafayette Consolidated Government under 42 U.S.C. § 1983.  Sampy's complaint primarily alleges two officers—Officer Rabb and Officer Reaux—used excessive force while others present at the scene failed to intervene in violation of the Fourth Amendment, and the officers retaliated against him for his speech in violation of the First Amendment.[1]  Sampy's complaint attached screenshots of Officer Reaux's body camera footage of the events in question.  The

---

[1] Sampy also brought state law claims sounding in tort against the officers and the municipality not relevant for purposes of the present appeal.

complaint alleges a different sequence of events from that found by the City Court. The complaint alleges:

> Officer Rabb abruptly pulled Mr. Sampy . . . by his legs out of the hands of Officers Dugas and Jolivette. This caused Mr. Sampy to fall face first on the concrete parking lot, as he was unable to brace his fall with his hands cuffed behind his back. . . .
>
> Even though Mr. Sampy was fully immobilized by four other officers and handcuffed with his hands behind his back, Officer Rabb claimed at the time and at trial that Mr. Sampy kicked backwards into Officer Rabb's shin. The kicking is not visible in Officer Reaux's body camera footage . . . . This alleged kick was the basis for the simple battery charge for which Mr. Sampy was ultimately convicted.
>
> After landing on the ground, Mr. Sampy was stunned and continued to protest Officer Rabb's actions. . . . Officer Reaux can be seen placing his full body weight on Mr. Sampy's left knee while Officer Rabb rests his entire body weight and knee on Mr. Sampy's neck.

The district court granted the defendants' motion to dismiss Sampy's Fourth Amendment excessive force claim, Fourth Amendment bystander liability claim, and First Amendment retaliation claim under *Heck* for Officer Rabb's takedown maneuver and Officer Rabb's and Officer Reaux's subsequent ground restraint. The district court did not dismiss Sampy's claims as to a third alleged instance of excessive force, where Officer Rabb placed his knee on Sampy's back three minutes after the initial takedown maneuver and ground restraint. That claim went to trial, and the jury found for the defendants. Sampy now appeals the district court's dismissal of the initial two uses of force.

II.

This court reviews *de novo* the district court's dismissal of claims as barred by *Heck*. *Aucoin v. Cupil*, 958 F.3d 379, 381–82 (5th Cir. 2020). The body camera footage of events is critical and because it was referenced, albeit selectively, by Sampy's complaint, we, like the City Court, analyze the complaint in light of the footage. *Scott v. Harris*, 550 U.S. 372, 380–81, 127 S. Ct. 1769, 1776 (2007).

III.

Under *Heck*, a plaintiff convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487, 114 S. Ct. at 2372. *Heck* mandates the dismissal of Sampy's complaint if "success on the excessive force claim requires negation of an element of the criminal offense or proof of a fact that is inherently inconsistent with one underlying the criminal conviction." *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008).

Sampy must clear two hurdles to avoid dismissal. First, the factual basis for his conviction must be "temporally and conceptually distinct from the excessive force claim." *Id.* at 498. "[A] claim that excessive force occurred after the arrestee has ceased his or her resistance would not necessarily imply the invalidity of a conviction for the earlier resistance." *Id.* But if the battery and the alleged excessive force are closely interrelated, Sampy's claim "necessarily would imply the invalidity of his arrest and conviction for battery of an officer." *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1999). Sampy must therefore "produce[] evidence that the alleged excessive force occurred after [he] stopped" kicking the officers. *Bush*, 513

F.3d at 500. While the chronology of events is critical, whether a claim is temporally and conceptually distinct is not discerned with mathematical precision. If the conviction and alleged excessive force both stem from "a single violent encounter," Sampy's claim is barred. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007).

Second, the facts articulated in Sampy's complaint must be consistent "with the facts actually or necessarily adjudicated adversely to [him] in the criminal proceeding." *Bush*, 513 F.3d at 498. "[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *Id.* at 498 n.14 (alteration in original) (quoting *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006)).

Sampy satisfies neither requirement. The basis for his conviction is not temporally and conceptually distinct from his excessive force claim, and the facts in his complaint are inconsistent with those necessarily adjudicated against him in the criminal case.

First, Sampy's conviction is not distinct from his excessive force claim. He alleges two instances of excessive force: (1) Officer Rabb's takedown maneuver when he pulled Sampy to the ground after being kicked, and (2) Officer Reaux's and Officer Rabb's restraint of Sampy on the ground immediately after the takedown maneuver. Although Sampy's appellate brief attempts to splice the encounter with minute precision, he has not "produced evidence that the alleged excessive force occurred after [he] stopped" kicking the officers. *Bush*, 513 F.3d at 500. Indeed, Sampy's complaint never acknowledges that he kicked Officer Rabb, a necessary predicate to proof that the alleged excessive force occurred after he stopped kicking. Even if the complaint had been candid, he would be unable to

sufficiently divorce the facts underlying his conviction and the uses of force in light of the City Court's finding that the two occurred "simultaneously."

This court's precedent does not parse events in seconds to determine whether the officers' alleged use of force occurred after Sampy stopped kicking. *See, e.g.*, *Aucoin*, 958 F.3d at 383–84 (claim distinct when plaintiff's conviction arose from events that took place in prison cell, and non-*Heck*-barred claim arose from events that took place outside of prison cell after misconduct supporting conviction ended); *Bush*, 513 F.3d at 498–99 (claim distinct when plaintiff alleged a detective used force after she had been arrested for *Heck*-barred conduct and was compliant). Nor does out-of-circuit caselaw cited by Sampy support his concept of a temporal distinction between his kick and the officers' use of force. *See Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (claim regarding excessive force after plaintiff "exited his vehicle" not barred by assault conviction for previously driving vehicle at officers); *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005) (claim for excessive force after defendant assumed fetal position and was handcuffed not barred by conviction for punching officer earlier). Instead, Sampy's complaint itself alleges "a single violent encounter throughout which [officers] used excessive force," where upon "arriv[ing] on the scene" they "swiftly resort[ed] to violence" and "beat [] Sampy for approximately seven minutes[.]" *See DeLeon*, 488 F.3d at 656–57. Sampy's battery conviction is not temporally distinct from the officers' alleged use of excessive force.

Further, "specific factual allegations in the complaint are necessarily inconsistent" with Sampy's battery conviction. *Bush*, 513 F.3d at 498 n.14 (quoting *McCann*, 466 F.3d at 621). The complaint alleges that Sampy "did not resist[.]" But the City Court necessarily found that Sampy resisted arrest when he battered Officer Rabb. The complaint asserts that Sampy's "kicking is not visible in Officer Reaux's body camera footage[.]" But the City Court

relied on Officer Reaux's body camera footage as the critical evidence supporting the battery conviction. The complaint alleges, without context, that Sampy was "abruptly pulled" to the ground by officers. But the City Court found that the takedown maneuver occurred "simultaneously" with and in immediate response to Sampy's active battery. The complaint alleges that Sampy was "fully immobilized" during the officers' use of force, while "Officer Rabb claimed at the time" that Sampy kicked him. Sampy's "full immobiliz[ation]" and Officer Rabb's "claim" cannot both be true. In context, the complaint asks the factfinder to reject Officer Rabb's claim and accept Sampy's telling of the story. But the City Court did not; it found Sampy guilty of battery. He cannot now collect money damages by alleging a contrary sequence of events.

The upshot of Sampy's complaint—officers "beat [him] for approximately seven minutes," he "did not resist the officers' arrest," he was "fully immobilized" but was "abruptly pulled" to the ground, there is no video evidence of the kick—is that "he did nothing wrong, but was viciously attacked for no reason." *DeLeon*, 488 F.3d at 657 (citation omitted). "If the factual account of [Sampy's] complaint is taken as true, then he cannot be guilty of [battery]." *Aucoin*, 958 F.3d at 383. Sampy's excessive force claim is barred by *Heck*.

Sampy's complaint raises two additional claims barred by *Heck*. First, Sampy's bystander liability claim, predicated on the existence of an underlying constitutional violation, is also barred by *Heck*. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013). Second, Sampy alleges a First Amendment retaliatory excessive force claim. Assuming this claim can proceed under the First Amendment, *see Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989), it is grounded in a finding of "excessive force" necessarily inconsistent with Sampy's conviction.

No. 24-30121

## IV.

The judgment of the district court is AFFIRMED.